# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EDWARD A. THAVES, | Case No. 1:12-cv-01896-LJO-DLB PC |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| WARDEN JOHN DOE, et al., | ECF No. 1 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

### I.   Background

Plaintiff Edward A. Thaves ("Plaintiff") is a prisoner in the custody of the Washington State Department of Corrections. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). On November 19, 2012, Plaintiff filed his Complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.    Summary of Complaint

Plaintiff was previously incarcerated at United States Penitentiary-Atwater ("USP-A") in Atwater, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: warden of USP-A John Doe; USP-A Captain Moorehead; USP-A Captain Cole; USP-A Lieutenant Jenkins; USP-A Chief Medical Doctor Manning; USP-A Physician Assistants John Doe 1 and John Doe 2; USP-A Registered Nurses John Doe 1, John Doe 2, Jane Doe 3, Jane Doe 4; and USP-A Correctional Officers Barber, John Doe 1, John Doe 2, John Doe 3, and John Doe 4.

Plaintiff alleges the following.  Plaintiff was incarcerated at USP-A from March 2002 through December 2006.  Compl. ¶ 2.1.  On December 18, 2003, Plaintiff had severe pain in his eyes through the back of his skull, blurred vision, vomiting, loss of balance, and overall body pain.  Compl. ¶ 2.2.  Plaintiff explained these symptoms to Defendants Barber and other correctional officers, who cleared him to go to medical.  Compl. ¶ 2.2.  At medical, Defendants Manning, Registered Nurse John Doe 1, and Physician Assistant John Doe 1 each claimed that Plaintiff suffered from migraine headaches and should take Topiramate.  Compl. ¶ 2.2.

On December 22, 2003, Plaintiff again went to medical and was seen by Physician Assistant John Doe 1 and Registered Nurses John Does 1 and 2.  Compl. ¶ 2.3. Plaintiff explained that his symptoms had progressed.  Compl. ¶ 2.3.  Defendants stated to Plaintiff to take a higher dosage, and if he refused, he would be doing time in the hole.  Compl. ¶ 2.3.  Plaintiff took the medication and returned to his housing unit.  Compl. ¶ 2.3.

Plaintiff later woke up blind and vomiting, and pressed the emergency button to his cell.  Compl. ¶ 2.4.  Defendant Correctional Officers 1 to 3 came to his cell and escorted him to medical.

Compl. ¶ 2.4.  At medical, he explained to Defendant Physician Assistant John Doe 1 that he was blind and vomiting.  Compl. ¶ 2.4.  Defendant warned Plaintiff that if he was lying, he would be sent to the hole.  Compl. ¶ 2.4.  Plaintiff then passed out, and was taken to Mercy Medical Center in Merced, California.  Compl. ¶ 2.4.  Plaintiff was diagnosed with an acute case of narrow glaucoma in both his eyes.  Compl. ¶ 2.5.

Plaintiff contends deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff requests as relief: compensatory and punitive damages, declaratory relief, an injunction prohibiting Defendants from violating his rights in the future, and costs of suit.[1]

### III. Analysis

#### A. Eighth Amendment – Medical Care

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

---

[1] Plaintiff also requests reasonable attorney's fees.  Plaintiff is proceeding pro se and is thus not entitled to attorney's fees under 42 U.S.C. § 1988. *Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).
Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against any Defendants. As to Defendants Warden, Moorehead, Cole, and Jenkins, Plaintiff fails to make any allegations, and thus fails to state a claim.

As to Defendant correctional officers, Plaintiff fails to allege any facts which indicate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Based on Plaintiff's allegations, Defendants, when alerted of Plaintiff's medical issues, escorted Plaintiff to see medical staff.

As to Defendants Manning, Registered Nurse John Doe 1, and Physician Assistant John Doe 1, Plaintiff fails to allege any facts which indicate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Based on Plaintiff's allegations, Defendants mistakenly construed Plaintiff's symptoms as migraine headaches. This is at most a claim for negligence, which is not actionable under the Eighth Amendment as a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

As to Defendants Physician Assistant John Doe 1 and Registered Nurses John Does 1 and 2, Plaintiff fails to allege any facts which indicate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health. Based on Plaintiff's allegations, these Defendants also concluded that Plaintiff suffered from migraine headaches and should just take a stronger dose. This is at most a claim for negligence, which is not actionable under the Eighth Amendment as a claim. *Estelle*, 429 U.S. at 106.

### B.    Supervisory Liability

Plaintiff names several Defendants as liable solely based on their supervisory positions. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts which indicate that any supervisory Defendants knowingly participated in a constitutional violation or knew of constitutional violations and failed to act to prevent them.

## IV.     Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3.     Plaintiff may not add any new, unrelated claims to this action via the first amended

1  complaint and any attempt to do so may result in an order striking the first amended complaint; and

2          4.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure
3  to obey a court order and failure to state a claim.

IT IS SO ORDERED.

   Dated:   **June 6, 2013**                            /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE