**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD A. THAVES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOOREHEAD, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-01896-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSING AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 20) |

**I.　Background**

　　Plaintiff Edward A. Thaves ("Plaintiff") is a prisoner in the custody of the Washington State Department of Corrections. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). On November 19, 2012, Plaintiff filed his Complaint. ( ECF No. 1.) On June 7, 2013, the Court dismissed Plaintiff's Complaint, with leave to amend, for failure to state a claim. (ECF No. 17.) On August 5, 2013, Plaintiff filed a First Amended Complaint, which is presently before the Court for screening. (ECF No. 20.)

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff was previously incarcerated at United States Penitentiary-Atwater ("USP-A") in Atwater, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: warden of USP-A John Doe; USP-A Captain Moorehead; USP-A Captain Cole; USP-A Lieutenant Jenkins; USP-A Chief Medical Doctor Manning; USP-A Physician Assistants John Doe 1 and John Doe 2; USP-A Registered Nurses John Doe 1, John Doe 2, Jane Doe 3, Jane Doe 4; and USP-A Correctional Officers Barber, John Doe 1, John Doe 2, John Doe 3, and John Doe 4.

Plaintiff alleges the following. Plaintiff was incarcerated at USP-A from March 2002 through December 2006. On December 18, 2003, Plaintiff went to medical for pain and blurred vision. Doctor John Doe 1 and Physician Assistant John Doe 1 each claimed that Plaintiff suffered from migraine headaches. Plaintiff told them he did not suffer migraine headaches but they insisted he take the medicine. The pain and blurred vision got worse during the next two days.

On December 22, 2003, Plaintiff again went to medical and explained that his symptoms had progressed. Defendants told Plaintiff to take the medication and the pain would go away. Defendants did not follow the warning labels on the medication regarding glaucoma. As a result, Plaintiff lost his sight. A few hours after taking the medication, Plaintiff woke up vomiting and was blind. Officers John Doe and Jane Doe took Plaintiff to medical to see a physician's assistant.

Plaintiff told him that he was blind and in severe pain.  Physician Assistant John Doe 1 replied that if Plaintiff was lying, he would "go to the hole."  He made a phone call to check on Plaintiff's status and advised to take Plaintiff to the hospital.

Plaintiff was taken to the hospital for a MRI and X-rays of his head.  A specialist saw Plaintiff and diagnosed him with an acute case of narrow glaucoma in both his eyes.   Plaintiff was taken to the nearest eye doctor to receive laser surgery on his eyes.  After the surgery, Plaintiff returned to USP-A and Defendant Moorehead placed in the hole.  Plaintiff was still blind and vomiting. Plaintiff could not see the food placed in the tray spot.  Plaintiff was left alone scared in the hole and ran into the walls.  Plaintiff should have been placed into the medical ward prison instead of the hole.  Plaintiff is currently on medication for glaucoma and has to wear protective eye wear in bright or fluorescent light for the rest of his life.

Plaintiff contends deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff requests as relief: compensatory and punitive damages, declaratory relief, an injunction prohibiting Defendants from violating his rights in the future, and costs of suit.[1]

### III.  Analysis

#### A.  Eighth Amendment – Medical Care

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

---

[1] Plaintiff also requests reasonable attorney's fees.  Plaintiff is proceeding pro se and is thus not entitled to attorney's fees under 42 U.S.C. § 1988.  *Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).  Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

3

(1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against any Defendants.  As to Defendant correctional officers, Plaintiff fails to allege any facts which indicate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Based on Plaintiff's allegations, Defendants, when alerted of Plaintiff's medical issues, escorted Plaintiff to see medical staff.

As to Registered Nurse John Doe 1, and Physician Assistant John Doe 1, Plaintiff fails to allege any facts which indicate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Based on Plaintiff's allegations, Defendants mistakenly construed Plaintiff's symptoms as migraine headaches.  This is at most a claim for negligence, which is not actionable under the Eighth Amendment as a claim.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

As to Defendants Physician Assistant John Doe 1 and Registered Nurses John Does 1 and 2, Plaintiff fails to allege any facts which indicate that they knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Based on Plaintiff's allegations, these Defendants also concluded that Plaintiff suffered from migraine headaches and should just take a stronger dose.  This is at most a claim for negligence, which is not actionable under the Eighth Amendment as a claim. *Estelle*, 429 U.S. at 106.

**B.    Supervisory Liability**

Plaintiff names several Defendants as liable solely based on their supervisory positions. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676.

Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts which indicate that any supervisory Defendants knowingly participated in a constitutional violation or knew of constitutional violations and failed to act to prevent them.

**C.    State Law —Negligence**

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a claim for negligence against any defendants.

///

///

///

## IV. Conclusion and Recommendation

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court has previously provided Plaintiff with the legal standards for his claims and has granted leave to amend his complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and

3. The Clerk of the Court is directed to close this case.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 9, 2014**              /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE